IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLEN EATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-01221 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| GK INVESTMENT MANAGEMENT, ) | MAGISTRATE JUDGE NEWBERN |
| LLC, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings. (Doc. No. 30). Defendants did not file a response. For the reasons discussed below, Plaintiff's motion is **GRANTED**.

### I. FACTUAL BACKGROUND

Plaintiff brought a separate lawsuit against Defendants in May 2023 and the parties subsequently entered into a settlement agreement in June 2024 resolving Plaintiff's claims (the "Settlement Agreement"). (Doc. No. 1 ¶¶ 9-10). Pursuant to the Settlement Agreement, Plaintiff agreed to dismiss his claims against Defendants within five days, and Defendants agreed to remit payment to Plaintiff within 30 days. (*Id.* ¶ 13). Plaintiff dismissed the lawsuit on June 7, 2024, and counsel for Defendants informed Plaintiff that they understood the payment to be due on July 15, 2024. (*Id.* ¶¶ 14-15). However, to date Defendants have failed to remit payment to Plaintiff. (Doc. No. 1 ¶¶ 17-18). Plaintiff filed a copy of the Settlement Agreement under seal (Doc. No. 21). Among other things, the Settlement Agreement provides that Illinois law governs the Settlement Agreement. (Doc. No. 21 at 6).

Plaintiff brings a breach of contract claim against Defendants and now moves for judgment on the pleadings under Fed. R. Civ. P. 12(c).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). "Judgment on the pleadings is proper 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Anders v. Cuevas*, 984 F.3d 1166, 1174 (6th Cir. 2021) (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

In ruling on a motion under Rule 12(c), the court may look only at the "pleadings." *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). The term "pleadings" includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). "But the Court also may consider … documents referenced in the pleadings that are 'integral to the claims,' [and] documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 589 (E.D. Mich. 2018) (internal citation omitted).

### III. ANALYSIS

Plaintiff contends that the parties agree that they entered into the Settlement Agreement, that Plaintiff performed pursuant to the Settlement Agreement, that Defendants breached the Contract by failing to remit payment, and that this Court has jurisdiction over any dispute related to the Settlement Agreement. (Doc. No. 30 at 1-2).

Plaintiff also contends that he has established his breach of contract claim as Defendants agree that they entered into the Settlement Agreement with Plaintiff, Plaintiff performed his duties pursuant to the Settlement Agreement, Defendants breached the Settlement Agreement by failing to provide payment to Plaintiff, and Plaintiff has been injured by Defendant's failure to pay.

Under Illinois law, "[i]n order to establish a claim for breach of contract, 'a plaintiff must allege and prove the following elements: '(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff.'" *Empress Casino Joliet Corp. v. Averus, Inc.*, 2020 IL App (1st) 192071, ¶ 38, 189 N.E.3d 68, 79 (internal citations omitted).

The Court has reviewed the pleadings in this case. Notably, Defendants admit in their Answer that the parties entered into the Settlement Agreement, that the Settlement Agreement provides that Plaintiff would dismiss his lawsuit against Defendants within five days and Defendants would remit payment to Plaintiff within 30 days, Defendants did not remit the settlement payment to Plaintiff on July 15, 2024, and that to date, Defendants have failed to honor the terms of the Settlement Agreement and remit payment. (Doc. No. 29 ¶¶ 10, 13, 17, 18). Defendants also admit that Plaintiff has performed all of his duties pursuant to the Settlement Agreement and that Defendants have breached the Settlement Agreement by failing to remit payment to Plaintiff. (*Id.* ¶¶ 19-21).

Defendants assert one affirmative defense that "Defendants reserve the right to amend their Answer to include any additional defenses that become available or appear during the course of discovery or other proceedings in this action." (*Id.* ¶ 22).

Here, the pleadings establish that Defendants are liable to Plaintiff for breach of the Settlement Agreement and Defendants failed to respond to Plaintiff's motion. Accordingly, no material issues of fact exist, and Plaintiff is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings (Doc. No. 30) is **GRANTED**.

This Order constitutes final judgment for purposes of Federal Rule of Civil Procedure 58. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE